The Court of Appeals for Veterans Claims held that the hearing officer in Mr. Pitts' case failed in his duty to notify Mr. Pitts about certain things that were required for his Mr. Pitts for two reasons. The first is that his attorney failed to plead harmless error correctly and this was fatal to Mr. Pitts. We ask that this court reverse on the grounds that Mr. Pitts has a Fifth Amendment right to effective counsel and that his counsel was indeed ineffective. The second grounds for holding against Mr. Pitts is that even if his counsel had pled error correctly, Mr. Pitts was not prejudiced by the error because of the fact that he had previously appealed his case and had been represented by counsel and it went back to the hearing officer on remand. Our position is that holding constituted legal error and we ask this court to reverse and send that back to the Board of Veterans Appeals. I'll address the constitutional issue first. Before you get into the merits of the constitutional question, what are we to do with the fact that the constitutional issue was never raised before or passed upon by the Court of Appeals for Veterans Claims? Now I understand why the lawyer would not have raised his own ineffectiveness. Had he done so, obviously he would have cured it by doing what needed to be done. But I take it no subsequent motion for reconsideration, rehearing, any collateral challenge before the Court of Appeals for Veterans Claims based on the claim of ineffective assistance. Is that true? That's correct, Your Honor. So you're coming to us with a claim that has never previously been presented to the Veterans Court, right? Correct, Your Honor. And the reason we've come to this court is because the jurisdiction of this court over the Veterans Court is for constitutional issues. And there is no mechanism currently in place at the Veterans Court that is analogous in the immigration context to raise an ineffective assistance claim at the level where the ineffectiveness occurred. Well, presumably you could have raised it in a petition for rehearing. There is such a proceeding before the Veterans Court, I think. Your Honor, I'll have to double check on that, but I know by the time we got this case, it was time to file an appeal. Actually, it may not have been timely. All right, well, go ahead. Thank you, Your Honor. You don't cite Bowen in your briefs, which is a little odd. How do you distinguish Bowen? Bowen was the Supreme Court case you're referring to? No, it's our decision about ineffectiveness in the MSPB context. Well, Your Honor, I think in the MSPB context, this court has held that there is no right to effective assistance of counsel. And the reasoning that this court has used, I think, tracks with what other courts have used where they've refused to do it. Why didn't you discuss the case? If I have to do this again, Your Honor, I'll be sure to do so. My apologies. But how is it distinguishable? I mean, it's a different agency, but so what? Well, Your Honor, I think in the MSPB context, the veterans context is much closer to an immigration context as opposed to an MSPB context, which I would characterize as ordinary civil litigation. The reason it's different is that an MSPB claim, the remedy there, I think, is like what other courts have said for ordinary civil litigation, where you file a claim for malpractice against your attorney. Because what's at issue in an MSPB claim is largely money. And that is not what's at issue in an immigration case, and that's not what is at issue in a veterans case. Well, it's not all that's at issue in an MSPB case. There could be a claim to reinstatement. Somebody could be deprived of his or her job seeking reinstatement and an award of back pay. I mean, why is that different from a claim for money in the veterans context? Well, I think the bundle of benefits that a veteran has far exceeds what's at stake in an MSPB claim. You're right. It is about money, and it can be about back pay, and it can be about being reinstated to your job. But the bundle of benefits that Congress has given to veterans is unmasked anywhere else in the federal code. It is not just compensation. It's access to health care. Well, if you fire a federal employee, they lose their health insurance. Under COBRA, they could keep some health insurance for a while, but at the end of the day, if they don't have a job, presumably they don't have access to health care, health insurance. Why is that different than the veterans? Well, I would distinguish it on a couple of grounds. The first is Congress has sought to – the importance of health care for veterans, especially in this context, a veteran is applying for benefits because of an injury or illness that he or she suffered in service to this country. And Congress did not think that they could just cut a check to a veteran and say, go find your own health care. They instead created an entire health care system to care for the kinds of injuries and illnesses that occur only in the service of your country. Well, of course, the veteran who loses a claim, a disability claim, doesn't lose access to all of the health care that the veterans administer while the DVA provides. I mean, the veteran has access to the health care system. It's just that he loses whatever benefits are associated with the particular disability claim that was litigated, right? Not completely true, Your Honor. If a veteran has no disability claim whatsoever, he or she has to be indigent in order to get access to VA health care. And I would make the important point that a disability rating corresponds to the priority with which you can be seen at a VA health center. And the VA health center is already stretched, so the priority becomes very important. Someone with an 80% disability rating will get a much higher priority than someone with a 10% rating than someone with no rating. So I don't want to leave it to just a veteran to say, well, if you lose, then don't worry about it. You can still go to the VA health center, but you may not be seen for weeks, if not months, and the injury or illness that you claim that is related to your service may be something that needs to be seen much more quickly than that. Okay? Mr. Pitts' counsel, whom you're saying was in effect doing this on a pro bono basis? He was not being paid, correct, Your Honor. I think he would apply for EASA funds, but he was not being paid by Mr. Pitts. Don't you think that this kind of challenge to effectiveness might discourage people from representing veterans if they thought that not only were they not going to be compensated, but that their representation might be attacked? To the contrary, Your Honor. I think if this court rules that a veteran does not have a right to effective counsel and that his remedy is instead to file a lawsuit against the ineffective attorney in state court, I think that would dissuade pro bono representation as opposed to a claim of- Why would you still do that? I mean, your theory doesn't eliminate the opportunity for a malpractice action, does it? It does not, Your Honor, but I think a veteran would be much less likely to begin a whole new process in state court, try to find another lawyer to go after a lawyer who represented him or her pro bono if he can raise it, ineffective assistance of counsel, and get another bite at the apple, which is something that we think is commensurate with Congress's solicitude toward veterans. You don't think this would discourage people from pro bono representation of veterans? No, I don't think so, Your Honor, because right now there's no rule against them being sued for malpractice if they are ineffective. I don't think it changes one way or the other. I think it would make it less likely that a veteran would seek a malpractice claim against his or her lawyer. Suppose that we should not accept your principal submission that there is a right to counsel in veterans' disability claim cases. Is there still authority for or would you press the argument that in the event that a veteran has a lawyer and that lawyer performs beneath the level necessary to get over an ineffective assistance claim, that there would be a viable ineffective assistance claim in such a case, even absent a global right to counsel? In other words, if you have counsel who makes such a mess of the proceedings, is it possible to say that that proceeding violates the due process clause by virtue of the misconduct of the counsel, even though you didn't have a right to a lawyer in the first place? Even though you didn't? We're talking at the veterans' court level? Right. Yeah, there's a statutory right to a lawyer at the veterans' court. Well, you have a right to have a lawyer, but not, well, at least you don't have a statutory right to have a lawyer appointed for you, as in the criminal context, in other words, you don't have the guarantee of counsel. Correct. You have access to counsel. Well, I think the same holds true in the immigration context. You have a right to counsel, but the government does not pay for your counsel in the immigration context, as opposed to the criminal context, where not only do you have a right to counsel, you have a right to counsel at the government's expense. But nevertheless, the majority of circuits have held that in the immigration context, there is a right to effective assistance for counsel, even though the government is not paying for the counsel. Well, I want to point to two points that the circuits have looked to in holding that there is effective assistance of counsel for immigrants. The first is the fundamental fairness of the proceeding, and the second is the gravity of the harm at issue, and I'll talk about fundamental fairness first. I don't think there's any doubt that what happened with Mr. Pitts at the veterans' court level was fundamentally unfair. He litigated his case in the VA system for over two decades. He finally gets his day in court, and his lawyer gets the law completely wrong, to the point that it was akin to having no lawyer at all. He failed to plead harmless error correctly, and it was addressed specifically in a Supreme Court case that was less than two years old. And when it came time for the government to respond, the government laid out the proper standard, and instead of Mr. Pitts' lawyer reading the government's brief and filing a reply brief or asking for oral argument, he did nothing, and it was fatal to Mr. Pitts. The second point deals with the gravity of the harm. This is something that immigration courts have looked to under the Fifth Amendment, and our position is that for a veteran, the gravity of the harm is akin, if not greater, than what an immigrant faces in a removal proceeding. We're not talking about just monthly compensation. We're not talking about just access to health care or just access to nursing homes or job preference. This is a bundle of rights that Congress has put together for veterans. It is unmatched anywhere in the federal circuit. And we're not talking about access to health care in the sense that, like Medicare, just because you're old, here's a check, go find a doctor, and we will reimburse that doctor. We're talking about injuries and illnesses that occur because of service. Jumping out of a perfectly good airplane is not something people outside of the military do in large measure. Watching your best friend get shot in the face is not something that happens to most people. So the injuries and illnesses that veterans incur, Congress created an entire health care system to care for them, and that health care system has institutional knowledge, institutional expertise to deal with those issues. Now, you're into your rebuttal time. Would you like to save it? Yes, I would, thank you. Very well. Okay, well, thank you. We will hear from you next. May it please the Court. We respectfully request this Court affirm the decision of the Court of Appeals for Veterans Claims because there is no right to effective assistance of counsel before the Court of Appeals for Veterans Claims. The veterans do have a due process right to a property right to a benefit, and this property right guarantees them a fair adjudication. But this right to a fair adjudication only guarantees them the right to be heard in a meaningful time and in a meaningful manner. This right to a fair adjudication is not equivalent to a guarantee or a constitutional right to counsel, let alone a constitutional right to effective assistance of counsel. What do you make of the problem that we have this issue before us as a matter of first instance? Is that not a problem, you think, because of the nature of the legal issue that's presented to us, ineffective assistance of counsel, or what? Because this was never raised before the Veterans Court, the question of the right to counsel. So it comes to us as a brand new matter, not as a matter on review. In this context, Your Honor, it is an issue of fresh impression. To our knowledge, there has never been this right has not yet been created, so it would be creating a new constitutional right. Well, I probably misspoke when I said matter of first impression. I don't mean first impression in the sense that it hasn't been decided before by us, but it was never presented to the lower court. Normally, we do not address questions that were not first presented to the lower tribunal and then are presented to us on review of error by the lower tribunal, claimed error, in rejecting the claim. That's not the situation we have here. The Court of Appeals for Veterans Claim never rejected any claim having to do with the effective assistance of counsel. Yes, Your Honor. Let me put it a little bit differently at the same point. In the criminal context, my understanding is that this comes up all the time, where in the Court of Appeals for the first time an ineffective assistance of counsel claim will be made that's never been addressed in the trial court. And my understanding is that the Courts of Appeals will not consider an ineffective assistance of counsel claim raised for the first time on appeal. Why should this be any different? You're correct, Your Honor. This court, assuming this right were, assuming arguendo, that the right to effective assistance of counsel exists, it is a matter that is properly decided by the Veterans Court. As Your Honor acknowledged, that is the way it is done in the criminal context. The Courts of Appeals do not decide the question in the first instance. It's remanded to the district court to consider the issue in the first instance. In the civil context, to the extent that it exists when the liberty interest is implicated for immigration cases, it's also decided by the BIA in the first instance. So assuming arguendo that there were a right to effective assistance of counsel before the Veterans Court, that question should be decided by the Veterans Court in the first instance. So if this court were to find that such a... But why doesn't that also apply to whether or not there exists a right to counsel? I guess you're suggesting that if everyone concluded there was a right to counsel, then it has to be in the first instance. But you're suggesting, therefore, that there's some distinction in our case because it's the determination of whether there's a right to counsel, right? This court... Why? Why is that different? Why shouldn't that question be decided in the first instance by the Court of Veterans Claims? It could have been decided in the first instance by the Court of Veterans Claims had, as this court acknowledged, Mr. Pitts filed a motion for rehearing. But it would be akin to the way it was created in the criminal context. When it was first created in the Supreme Court in Strickland, and then it was forced to... the right was acknowledged, the standard was set, and it was sent back down to be implemented. So to the extent that this right was first created now in this court, which we do not believe exists, assuming that it does, the extent that it was created, this court can set the standard and then remand it back down. Are you suggesting that in Strickland, the ineffectiveness claim was raised for the first time on appeal? It was not raised for the first time on appeal. The right was created on appeal. Well, Strickland is a habeas case, right? So it came up in the setting in which the defendant in the state court proceeding had lost, and then in the federal habeas proceeding he raised ineffective assistance of counsel at the trial level. So the analogy seems to me not to be perfect, to say the least. That's correct, Your Honor. The analogy is not perfect. As we know, and the court has called attention to, this issue was not presented before the Veterans Court. And it was not presented, for whatever reason it was not presented, this court, yes, this court could say that it was not presented before the Veterans Court and it would have to go back to the Veterans Court, and it would have to be presented in the first instance to the Veterans Court, and therefore we won't entertain it. Yes, this court could say that. But you're not urging that. That was not an argument you pressed on us in your brief, right? No, it is not, Your Honor. But we would now argue that this issue had to be presented for the first time in the Veterans Court. Well, let me raise the point, and that's not my point, it was Mr. Eaton's point, that this is a uniquely difficult situation in which to impose an exhaustion-type requirement because the very lawyer who is going to be ultimately the target of attack would be the lawyer who not only made the presentation before the Veterans Court, but presumably would be at least initially responsible for filing any motion for reconsideration. And frequently you would suppose, as a practical matter, the time for filing a motion for reconsideration would pass before some other lawyer had a chance to come into the case. That would seem to me to be a fairly strong consideration, perhaps arguing against having a requirement that the issue be raised in the first instance before the Veterans Court, even by way of a motion for reconsideration, don't you think? Yes, Your Honor, that would be a reason why an exhaustion requirement would weigh against an exhaustion requirement. Why don't you just argue that the proper approach would be to make a motion to reopen on the ground that the claim was denied the first time because of the ineffective assistance of counsel? Assuming that the right to effective assistance of counsel exists, or assuming that one, like Mr. Pitts, would want to argue in another instance that the right to effective assistance of counsel exists, they could make a motion to reopen. However, at present, the right to effective assistance of counsel does not exist as a constitutional principle. The due process right is a right to fair adjudication. Why haven't you mentioned Bowen? Why haven't you mentioned Bowen? I mean, you rely on it in your brief. It seems to be pretty close. In fact, not only did we reject an ineffective assistance claim, we said it was frivolous. You did, Your Honor, and that is why Bowen was cited in our brief. It is frivolous. It was frivolous in that context, and this Court has held it is frivolous in the MSCB context, and we do rely on the fact that veterans' cases are similar to the MSCB context, and that is why we relied upon Bowen in our brief. We felt the point to compel the fact that the reasoning behind Bowen is what we articulated in our brief, that the due process right to a fair hearing isn't akin to a right to counsel. Bowen, yes, stands for that proposition, and it applies in the MSCB context. This being a different context, we chose not to make the point that Bowen alone was determinative. But your friend on the other side makes a rather compelling argument, does he not, that this is not just about a job. It's unlike an MSPB case for two reasons. One, because why Congress created this whole system and the context in which it was created, and then in terms of the nature of the benefit and how the nature of the disability rating affects all kinds of things and not just a particular job at a particular workplace. You're right, Your Honor. That's why Bowen alone is not determinative of the issue. Veterans' interest in their benefits is slightly distinct from an interest in employment as it was presented in Bowen. But our position is that neither of them rise to the level of creating a constitutional right to counsel because neither implicates the liberty interest. To the extent that effective assistance of counsel has been created in the civil context, and it is acknowledged in the Fifth Amendment due process right, it applies because those proceedings are similar to criminal proceedings in nature and the petitioner's liberty interest is at stake. The interest in employment does not implicate liberty. Although veterans are special and do have a need to health care and benefits and do deserve recognition for their service, their liberty interest is not what's implicated, and that is why there is no constitutional right to counsel, let alone effective assistance of counsel. Do you know offhand whether this issue, and by this issue I mean the ineffective assistance issue, has been previously decided, not in this case, but in other cases by the veterans' court? As far as we are aware, we are aware of no case where the veterans' court held there is not a constitutional right to effective assistance of counsel. Okay. As we said, the right to effective assistance of counsel has rarely been recognized in the civil context, and to the extent that it has been recognized, it's recognized because those proceedings are like criminal proceedings. They implicate the petitioner's liberty interest. Now, I take it that there is a split, well, maybe you can correct me if I'm wrong, a split in the circuits on the question with respect to immigration cases. Is that a fair characterization of where the circuits are? Yes, Your Honor, it is a fair characterization. It is not universal, but it has been largely recognized solely in the context of deportation, because it implicates the immigrant's liberty interest, his right to live and work in this land of freedom. Do you know if the Solicitor General has taken a position with respect to that question in the Supreme Court in any case that may have gone up? On certiorari, I'm confident there's been no grant of certiorari, but I wonder if there have been any petitions in which the Solicitor General has taken a position on that. I am unaware of what position, whether or what position the Solicitor General has taken on that issue. Okay. It is our position. But you're not contesting that issue here. You're not saying, well, those immigration cases that have found the right to counsel are wrong. You're saying, accepting arguendo that they are right, they're still distinguishable from this one on the liberty property case. Yes, accepting arguendo that those cases are correctly decided, which we are not contesting they're wrong. We are distinguishing those cases where the right to effective assistance of counsel has been recognized in civil matters from this case. Those cases are recognized as effective assistance of counsel because the liberty interest is implicated. As the Third Circuit recently recognized, who has recognized it when the effective assistance of counsel, when the liberty interest is implicated, that effective assistance of counsel does not apply to collateral proceedings when liberty interest is not implicated, which shows that to the extent that it has been recognized, it is grounded in a liberty interest, not a property interest that the veterans have in their benefit. Yes, the veterans have a property interest in their benefit, but the current procedures are sufficient to ensure that they have a fair adjudication. And there's been no, the consequences, to the extent that mistakes are made, the consequences can be grave, but the consequences can be grave in several, in varying civil cases, but that does not create a constitutional right to counsel or a constitutional right to effective assistance of counsel. Likewise, besides the fact, to Mr. Pitts' second argument, there was no legal error in the Veterans Court's decision. They applied the proper legal standard for prejudicial error. Yes, Mr. Pitts' counsel made a mistake, a mistake which we would submit doesn't rise to the constitutional level of an effectiveness, but he made a mistake. But the Veterans Court corrected for that mistake and applied the correct harmless error standard, the standard set forth by the Supreme Court of Standards. So to the extent that there was any error, the Veterans Court, by Mr. Pitts' counsel, the Veterans Court corrected it, applied the proper legal standard, and affirmed the decision of the Board, finding that Mr. Pitts was not entitled to benefit. Mr. Pitts had a fair adjudication. He had the opportunity to participate. As the Veterans Court found, the record was complete, and there was no indication that there was additional evidence to be gathered and presented. The errors that created the remand in the first instance were corrected for. So the Veterans Court made this harmless error determination based on all these facts and circumstances and concluded that Mr. Pitts was not harmed by the hearing officer's failure to articulate what was required by a failure to follow 3.103C. So for these reasons, we would submit that this case, this court should affirm the decision of the Court of Appeals for Veterans Claims. Now, you make an argument that you think, based on the fact-based aspect of the case, that there's a lack of jurisdiction in this court, right? Yes, if this court were to review whether this court is... There is no jurisdiction to review the unique facts underlying the harmless error, whether or not to balance those facts and determine if Mr. Pitts was harmed by them in the context of the 3.103C violation. However, this court can look at the Veterans Court's decision, including what they cited, and note that they applied the proper legal standards. But so that I'm clear on what your order of preference is for disposition, are you saying that you think we should affirm, based on a ruling as to the overarching constitutional question, or that we should dismiss because of lack of jurisdiction, and only if we get by the dismissal, the jurisdictional question, do we reach the constitutional question? Which of those is your preferred course of proceeding for us, as you see it? This court... There are two issues on appeal, and I think this court would have to deal with both. This court would have to find that it had no jurisdiction. It would have to... To the extent that Mr. Pitts is challenging the harmless error finding, this court would have no jurisdiction to review it. To the extent that he's presented the legal question, this court would have to affirm because the Veterans Court applied the correct legal standards. Okay. Thank you, Your Honor. Thank you. Mr. Eaton, you have roughly three minutes of rebuttal. Thank you, Your Honor. First, I'd like to address the second issue, the Overton and jurisdiction issue, quickly. What the court did by citing Overton, and solely citing it, it completely misread Overton, and, in effect, created a new legal standard. This was something the court raised to a sponte. It just said, you know, assuming that Mr. Pitts' counsel played correctly, we find this nevertheless. This court definitely has jurisdiction to rule on a legal error, and the legal error is because he interpreted the case completely incorrectly, and, in effect, created a new legal standard. What happened the first time at the Veterans Court was not... The joint remand was not something that created a remand in a box. It's not something that the court just said and went back down to the hearing officer. If you believe that the other side's... If you believe the government's response on this, the import of that is the government could send the... The court could send the case back to the hearing officer. The hearing officer could say nothing, and the veteran would not be prejudiced because everything was done at the Veterans Court level, but that's not true. What was done at the Veterans Court level was a list of things were noted to be done by the hearing officer, and it's uncontested that those things were not done. So we don't think that that's a basis for you all to say that you lack jurisdiction. I'd like to return to the constitutional issue for one second. What we're asking for is completely in line and congruent with this court's holding in Cushman and Gilroy. In Cushman, this court held that a veteran has a Fifth Amendment right to due process, and it limited that in Gilroy by stating the Fifth Amendment right kicks in where no statute or regulation addresses the error that occurred, and that is precisely what we have here. There is no statute or regulation, not new and material evidence, not clear and unmistakable error. Mr. Pitts has nowhere else to go. And this court, in its jurisdiction, its proper jurisdiction, can rule on this constitutional issue. And to your point about not having raised it at the Veterans Court, it's true it wasn't raised at the Veterans Court because this is the first time it's been raised. I think this court can rule on the issue, find a constitutional right, and then, going forward, create some sort of prudential mechanism that the right has to be raised at the Veterans Court before it comes here. And it's completely analogous to what happens in the immigration context with the Lozada Principles. An immigrant cannot raise for the first time an effective assistance claim on appeal. He has to raise it where it went the first time. But I think it's important for this court to recognize the right and then create a mechanism that the Veterans Court can hear motions for reconsideration or some sort of mechanism to create a right to appeal it at the Veterans Court level before it comes up to this court. That would be a pretty intrusive course of action for us, it would seem to me, for us to be telling the Veterans Court to create a particular mechanism and describe the mechanism that they should employ. It seems to me that that's...